Glass Co. v. Storms, 125 Pa. 268; Schroeder v. Galland, 134 Pa. 277.

*Robert Alexander, Edward W. Magill* with him, for appellee, cited: Hollaway v. Frick, 149 Pa. 178; Bryant v. Stilwell, 24 Pa. 314; Moore v. Carter, 146 Pa. 492.

Per Curiam, February 6, 1893:

It appears that Mr. Green, the plaintiff, made a written contract to construct the stable in question for the sum of $5,670, and that he has charged more than that sum for doing so. An examination of the case, however, shows, and we think very clearly, that this written contract was not regarded by either party when the work came to be done. Indeed, it is so very vague and indefinite that it would be difficult to carry it out literally. Nearly all of the details of the work were left unprovided for, and had to be supplied orally from time to time, in order to carry it out satisfactorily to the parties. Under these circumstances we do not think it was error in the learned judge below to instruct the jury that they might regard the written contract as altered or annulled in the conversation between the parties. All of the questions of fact involved in the case were submitted to the jury under proper instructions.

Judgment affirmed.

---

# Williams *v.* Sawyers, Appellant.

*Affidavit of defence—Sale—Agent.*

Plaintiff sued to recover the price of melons sold to defendants through their agent on the authority of a telegram addressed to the agent by defendants, as follows: "If stock good size and cheap, buy two cars." Defendants in their affidavit of defence averred that the agent to whom the telegram was addressed had no authority to buy for the account of defendants, except that contained in the telegram; that the melons forwarded by plaintiffs were small and of an inferior quality, and not such as were called for in the telegram; that defendants refused to receive them, and communicated this fact to plaintiffs, but that plaintiffs refused to order a return of the melons, and defendants thereupon sold the melons, for a sum sixty dollars less than the amount claimed by plaintiffs. *Held,* that it was not error to make absolute a rule for judgment for want of a sufficient affidavit of defence.

Argued Jan. 24, 1893.   Appeal, No. 58, Jan. T., 1893, by
defendants, James Sawyers et al., from order of C. P. No. 2,
Phila. Co., Sept. T., 1892, No. 867, making absolute rule for
judgment in favor of plaintiffs, G. D. Williams et al.   Before
PAXSON, C. J., STERRETT, GREEN, McCOLLUM, MITCHELL
and DEAN, JJ.

Rule for judgment for want of sufficient affidavit of defence
in assumpsit for goods sold and delivered.

Plaintiff's statement was in part as follows:

" The plaintiffs claim from the defendants the sum of $174.78,
with interest from August 8, 1892, the price of a car load of
melons sold and delivered to the defendants.

"The said melons were purchased on August 6, 1892, at
Norfolk, Virginia, by the defendants through their agent, O.
N. Christian, who was authorized by them by telegram to make
the purchase.   The following is a copy of the said telegram:

" 'Aug. 1, 1892, Philada. Pa. O. N. Christian, Care Williams
Bros.   If stock good size and cheap, buy two cars.

(Signed)        " 'SAWYERS & Co.' "

" The plaintiffs shipped the said melons to the defendants
at Philadelphia, in the defendants' name, where they were re-
ceived by the defendants on August 8, 1892, and the defend-
ants afterwards sold and disposed of them."

The affidavit of defence averred as follows :

"Defendants did not authorize O. N. Christian to buy the
car load of melons, for the value of which suit is brought by
plaintiffs.   O. N. Christian, who is mentioned in plaintiff's
statement, was not the general agent of defendants for the pur-
pose of buying, and had no authority whatever to buy for the
account of defendants, except that contained in the telegram
set forth in plaintiffs' statement ; and before the date of the
alleged purchase from plaintiffs the said O. N. Christian had
reported to the defendants that he could not buy of plaintiffs
melons of the kind mentioned in the said telegram.

" The melons which were forwarded by plaintiffs and for
which they claim to recover in this suit were small melons and
of an inferior quality, and not such as were called for in said
telegram.   The defendants refused to receive them and com-
municated this fact to plaintiffs.   Plaintiffs thereupon refused

to order a return of the melons, and defendants thereupon sold the said melons for the account of the plaintiffs for the sum of one hundred and sixteen dollars and twenty-six cents."

Rule for judgment absolute. Defendant appealed.

*Error assigned* was in making rule absolute.

*E. Clinton Rhoads, John Cromwell Bell* with him, for appellant, cited: Hays v. Lynn, 7 Watts, 525; Louchheim v. Davies, 148 Pa. 499; Dripps's Assignees, 4 Clark, 87; Loudon Savings Fund v. Bank, 36 Pa. 498; Union Refining Co. v. Bushnell, 88 Pa. 89; American Life Ins. Co. v. Schultz, 82 Pa. 51; Gestring v. Fisher, 46 Mo. Ap. 603; Saginaw R. R. v. Chappell, 22 N. W. R. 278; Halloway v. Jacoby, 120 Pa. 583.

*J. H. Shoemaker*, for appellees, not heard, cited: Hicks v. Hankin, 4 Espinasse, 114; Bryant v. Moore, 26 Maine, 84; Story, Agency, §§ 118, 252; Hatch v. Taylor, 10 N. H. 538; Chapman v. Morton, 11 M. & W. 534; Johnson v. Jones, 4 Barb. 369; Fogel v. Brubaker, 122 Pa. 7; Dailey v. Green, 15 Pa. 118; Freyman v. Knecht, 78 Pa. 141; Benj. on Sales, Kerr's ed., § 935.

PER CURIAM, February 6, 1893: Judgment affirmed.

---

## Hobson, Appellant, v. Philadelphia.

155      131
23 SC ¹278

*Streets—Damages—Eminent Domain—Municipalities.*

A person is not entitled to recover damages from a city for the obstruction of a street in which he lives and does business, where the injury which he suffers is common to the public generally.

Plaintiff owned a lot at the corner of Terrace and Cotton streets in Manayunk. Cotton street is thirty feet wide, and so steep that it is dangerous for vehicles to use it. For the protection of pedestrians the city erected platforms and steps occupying about fourteen feet in width of the street on the side opposite to plaintiff's property. Plaintiff claimed that this so obstructed the street that it could not be used by wagons. *Held*, that plaintiff was not entitled to recover damages from the city for the obstruction of the street.